KNOLL, J.,
dissenting.
|,I respectfully dissent, finding the majority opinion’s interpretation of La.Rev. Stat. 42:65 leads to absurd consequences, ie., permitting a public employee who simultaneously held two full-time government employment positions in violation of Louisiana’s Dual Officeholding and Dual Employment Law, La.Rev.Stat. 42:61, et seq., (“DODEL”), to escape the reimbursement owed to the State for all pay or other compensation and allowances collected in violation of the statutes. In my view, the majority errs in its determination that its interpretation of La.Rev.Stat. 42:65 C is consistent with the express purpose of the law and the legislative intent in enacting the DODEL.
Clearly, as evidenced by the instant case, a strict application of La.Rev.Stat. 42:65 leads to an absurd result by exclusively conditioning monetary recovery pursuant to Subsection (C) contingent upon the judicial declaration of dual employment under Subsection (B). Where, as here, the employee resigns her state position prior to the filing of the State’s petition, the State is left without a remedy to recover the compensation collected in violation of DODEL.
The plain meaning of legislation should be conclusive, except in the rare cases wherein the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989); Pumphrey v. City of New Orleans, 05-979, p. 14 (La.4/4/06), 925 So.2d 1202, 1211; State v. Benoit, 01-2712, p. 3 (La.5/14/02), 817 So.2d 11, 13. The object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result. Richard v. Hall, 03-1488, p. 25 (La.4/23/04), 874 So.2d 131, 149; SWAT 24 Shreveport Bossier, Inc. v. Bond, 2000-1695, p. 12 (La.6/29/01), 808 So.2d 294, 302. The majority finds that the legislative intent, as expressed in La. Rev.Stat. 42:61 and gleaned from legislative history, does not evince reimbursement of government funds illegally received by an employee engaged in dual employment as a purpose of this legislation. To the contrary, the result reached by the majority in this case deviates from the legislative intent in enacting DODEL, despite the lack of language expressly declaring the receipt of dual salaries and benefits constitutes an impairment to the public’s interest and confidence. In my *823 view, the majority errs because the legislative intent of implementing a policy to maintain a high level of trust and confidence by the general citizenry in public employees, by defining and regulating dual employment, clearly extends to and implicates prudent administration of the public fisc and recovery of public monies when collected in violation of DODEL. Permitting a public employee, who illegally received government funds during the period of prohibited dual employment, to retain those funds erodes the high level of confidence and trust by the general citizenry in public employees essential to the maintenance of a democratic society. See La. Rev.Stat. 42:61. The effect of the majority opinion is to diminish the legislative intent of elevated standards of good government by allowing a public employee to benefit from illegal dual public employment.
lsAs the majority correctly notes, the history indicates DODEL was enacted “in an effort to promote a positive perception of governmental employment.” The result reached in the majority opinion contradicts this legislative intent.